| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | <u>NOT FOR PUBLICATION</u> |

| | |
|---|---|
| ANTHONY BUSSIE,<br><br>                                  Plaintiff,<br><br>- against -<br><br>DEPT OF DEFENSE; US ARMY CLAIM SERVICE; BUREAU OF FISCAL SERVICE; FISCAL OFFICER – WASHINGTON REGIONAL OFFICE; CONGRESSMAN ROBERT E. ANDREWS,<br><br>                                  Defendants. | <u>ORDER</u><br><br>13-cv-4574 (JG) |

JOHN GLEESON, United States District Judge

       On August 8, 2013, Anthony Bussie, a federal pretrial detainee incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania, appearing *pro se*, filed this action on a form complaint seeking relief pursuant to 42 U.S.C. § 1983.  Bussie's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, and the action is hereby dismissed under 28 U.S.C. § 1915A as frivolous.

BACKGROUND

       The Court takes judicial notice that Bussie is under criminal indictment in the United States District Court for the District of New Jersey for threatening a member of the United States House of Representatives, in violation of 18 U.S.C. §§ 2 & 115.  *United States v. Bussie*, 12-CR-00229 (RMB) (D. N.J. Jan. 12, 2012) (criminal complaint).  On January 19, 2012, Bussie was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241 to determine his competency to stand trial.  *Id.*, Dkt. No. 8.  On July 31, 2013, the court held a hearing on the government's motion to involuntarily medicate Bussie.  *Id.*, Dkt. No. 32.

I also note that, according to a recent search of the Federal Judiciary Public Access to Court Electronic Records ("PACER") Service, Bussie has been a party to forty-seven civil actions in the federal courts since 2009. *See* http://pacer.psc.uscourts.gov (last visited September 23, 2013). Bussie is under an injunction in the District of New Jersey which precludes him or an entity named Conjured Up Entertainment to file any actions "pertaining to (1) [Bussie's] alleged entitlement to monetary damages arising out of an intelligence and war contract with the United States Government or (2) alleged misconduct by government officials pertaining to the enforcement of his alleged intelligence and war contract with the United States government." *Conjured Up Entertainment v. United States*, 11-CV-2824 (NLH) (D.N.J. July 26, 2011) (unpublished order).

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

An action is frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## DISCUSSION

Bussie's complaint is vague and incoherent. He references a claim he purportedly has against the Department of Defense, his criminal case in New Jersey, and some of the civil actions he has filed. However, I cannot ascertain the basis for his current action except to say that he evidently believes that he is entitled to some funds from the government – $359 billion, to be precise – for an alleged wrong (wrongs) that I cannot glean from his complaint or its attachments. Thus, Bussie's complaint is "frivolous" within the meaning of 28 U.S.C. § 1915A and must be dismissed. *See Livingston*, 141 F.3d at 437; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("claims of infringement of a legal interest which clearly does not exist" are an example of an indisputably meritless legal theory).

Furthermore, because Bussie's complaint is incomprehensible and contains no facts suggesting that defendants took any actions that harmed him, he has failed to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that plaintiff must provide a short, plain statement of

claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Bussie must allege facts sufficient to allow each defendant to have a fair understanding of what he is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)), *rev'd on other grounds, Twombly*, 550 U.S. 544, 127 S.Ct. 1955.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed as frivolous. 28 U.S.C. § 1915A. Even a liberal reading of the complaint gives no indication that a valid claim may be asserted if leave to amend is granted, and Bussie's prolific litigation history further counsels against granting such leave. Accordingly, leave to amend is not granted. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: September 23, 2013
      Brooklyn, New York